IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALEX SEAWRIGHT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACTION NO. 2:07cv27-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, Alex Seawright ("Seawright"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. Seawright then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3).  The parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and remanded for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. Discussion

### A. Introduction

Seawright was 49 years old at the time of the hearing before the ALJ and has a tenth-

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

grade education. (R. 224.) Seawright's prior work experience includes working as a poultry worker, a forklift operator, and a custodian. (R. 242-43.) Following the administrative hearing, the ALJ concluded that Seawright has severe impairments of degenerative disc disease, history of seizures, adjustment disorder with depressed mood, borderline intellectual functioning, hypertension, gastroesophageal reflux disease, Arnold Chiari malformation, and headaches. (R. 18.) The ALJ found that Seawright would not be unable to return to his past relevant work. (R. 22.) At step five of the sequential evaluation process, the ALJ concluded that Seawright retained the residual functional capacity to perform some light work available in the national economy. (R. 23.) Accordingly, the ALJ concluded that Seawright is not disabled. (R. 24.)

### B. Analysis

Seawright's sole contention is that the Commissioner erred in failing to find, as a matter of law, that he is disabled under § 12.05C of the Listing of Impairments. *See* 20 C.F.R. Subpart P, App. 1. The Listing provides, in pertinent part, that a claimant is disabled if he meets the following criteria:

> 12.05 Mental Retardation: Mental Retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied . . . .
>
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-

related limitation of function.

20 CFR Pt. 404, Subpt. P, App. I.  Thus, to be considered for disability benefits under Listing 12.05C, a claimant must (1) have significantly subaverage intellectual functioning; (2) have deficits in adaptive functioning; and (3) have manifested deficits in adaptive behavior before age 22.  *See Pettus v. Astrue*, 226 Fed. Appx. 946, 948 (11th Cir. 2007) (citing *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997)).  In addition, the claimant must have (1) a valid IQ score of 60 through 70 inclusive, and (2) an additional mental or physical impairment significantly affecting the claimant's ability to work.  *Id*.

Seawright was administered the Wechsler Intelligence Scale for Adults ("WAIS-III") by Dr. Dorn Majure, a consultative psychologist, in October 2004.  Seawright obtained a verbal scale IQ score of 61, a performance scale IQ score of 62, and a full scale IQ score of 58.  (R. 163.)  Dr. Majure further found that, although "Seawright appeared to give adequate effort throughout testing, . . . this examiner believes these scores underestimate this claimant's current level of functioning."  (*Id*.)  The psychologist concluded that Seawright's adaptive functioning skills appeared to be in the borderline range.  (*Id*.)

The ALJ accorded significant weight to Dr. Majure's assessment of Seawright's mental residual functional capacity when determining that Seawright is not disabled. (R. 22.) The ALJ specifically noted that Seawright "malingered in the psychological evaluation and, therefore, received an estimated intellectual functioning of borderline."  (*Id*.)  The Commissioner, however, concedes that the ALJ's statement that Seawright malingered during his examination

5

is incorrect and that the evidence indicates that he "put forth an adequate effort" during the psychological examination. (Doc. No. 13, p. 8.)

It is likewise undisputed that Seawright received an IQ score below 70 and that he suffers from several severe impairments. (Doc. No. 13, p. 5.) Nonetheless, the Commissioner argues that Seawright does not meet or equal all of the criteria of Listing 12.05C. The Commissioner maintains that Dr. Majure's opinion that Seawright's adaptive functioning was in the "borderline range" indicates that Seawright does not suffer from "significant deficits of adaptive functioning." (Doc. No. 13, p. 7.)

The court concludes that the ALJ failed to fully develop the record regarding Seawright's mental condition. Specifically, the ALJ failed to consider whether additional medical evidence concerning Seawright's adaptive functioning was necessary, particularly in light evidence demonstrating that Seawright received a full scale IQ score of 58 and was not malingering, as the Government admits, during Dr. Majure's examination. It is error for the ALJ to fail to obtain additional testing or otherwise develop the evidence, if that information is necessary to make an informed decision. *See Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988). While the burden is on Seawright to submit evidence establishing disability, the circumstances of this case demand that the ALJ take additional steps to see that the record is fully developed.

Although Dr. Majure's notes state that he "believes [Seawright's IQ] scores underestimate [his] current level of functioning," Dr. Majure did not specify his reasons for

formulating his opinion. (R. 163.)  The ALJ compounded that problem by failing to order additional testing with respect to Seawright's mental condition prior to denying his application for benefits. Pursuant to 20 C.F.R. § 416.917, the ALJ is required to order additional medical tests when the claimant's medical sources do not give sufficient medical evidence to make a determination as to disability. Plainly, an unexplained medical opinion which is inconsistent with a test on which Seawright put forth adequate effort is not substantial evidence upon which an ALJ may rely. Thus, the record is insufficiently developed to determine whether the plaintiff meets the criteria of Listing 12.05C. Despite the lack of certain medical evidence, the Commissioner determined that Seawright's mental condition did not meet the requirements of the Listing. The court therefore concludes that the ALJ inadequately developed the record in this case by failing to secure additional evaluations, medical records or other appropriate evidence regarding Seawright's mental condition. Until the administrative record is expanded on remand, the court cannot determine whether the plaintiff's actual level of intellectual functioning meets or equals the criteria of Listing 12.05.

    A separate order will be entered.

    Done this 25th day of September, 2007.

                          /s/Charles S. Coody
                        CHARLES S. COODY
                        CHIEF UNITED STATES MAGISTRATE JUDGE